## Case No. 6,299.

### HEARN v. EQUITABLE SAFETY INS. CO.

[3 Cliff. 328.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1870.

TRIAL OF CAUSES WITHOUT A JURY — MARINE INSURANCE—USAGE—CORRESPONDENCE AS EVIDENCE.

1. Issues of fact in civil cases in any circuit court may be tried and determined by the court without the intervention of a jury whenever the parties, or their attorneys of record, file with the clerk a stipulation waiving a jury.

2. The terms in a policy of insurance were "to a port of discharge in Cuba and at and thence to a port of advice." Held, that the policy protected the insured in a voyage from the port of loading to a port of discharge in Cuba, and at and thence to the port of advice. It cannot be made to give any further protection without adding words to the contract.

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[2] [From 17 Law Rep. 442.]

[1] [Reported by William Henry Clifford, Esq. and here reprinted by permission.]

3. Depositions offered to show that on a voyage of this kind the vessel might, under a usage, go to a second port in Cuba to load, were admitted de bene esse.

4. It does not establish a usage that vessels have the right to so go to a second port in Cuba and load, under a policy in the terms of this one, to show that Cuba charters from Liverpool and back contain an express stipulation that the charterers shall have the option of a second port of loading. Matter of contract and usage or evidence of usage are quite different.

5. Correspondence between insurer and insured prior to the execution of the policy is inadmissible to vary the terms of the policy, but the court thought it proper to examine the letters.

6. Whether the policy was drawn in accordance with the contract disclosed by the letters is not a question for determination in a suit at law; it must be understood in this case in this form that all negotiations antecedent to the date of the policy were merged in the written instrument. The policy only authorized a voyage to a port of discharge in Cuba, and at and thence to port of advice.

[This was an action of assumpsit brought on a contract of marine insurance by George Hearn against the Equitable Safety Insurance Company.]

B. R. Curtis and Walter Curtis, for plaintiff.

Hutchins & Wheeler, for defendants.

Before CLIFFORD, Circuit Justice, and LOWELL, District Judge.

CLIFFORD, Circuit Justice. Issues of fact in civil cases in any circuit court may be tried and determined by the court without the intervention of a jury, whenever the parties or their attorneys of record file a stipulation in writing with the clerk of the court waiving a jury. 13 Stat. 501. Pursuant to that provision the parties in this case, as well as in the preceding one, filed a written stipulation submitting the controversy, both law and fact, to the determination of the court. It is an action of assumpsit on a policy of insurance, dated May 11, 1866, to recover the sum of four thousand dollars, insured "on charter of barque Maria Henry at and from Liverpool to a port of discharge in Cuba, and at and thence to port of advice and destination in Europe."

By a comparison of the terms of the policy in this case with the terms of the policy in the case just decided, it will be seen that the only difference between the two is rather in favor of the defendants in the present case, as the policy is, "to a port of discharge in Cuba, and at and thence to port of advice," while in the other the language of the policy is "to port in Cuba and at and thence to port of advice." Well expressed as the terms of the policy are, it is clear that by its true construction the policy protects the insured in a voyage from the port of loading to port of discharge in Cuba, and at and thence to port of advice, and it is equally clear that it cannot be held to give any further protection without adding words to the contract which it does not contain, as the intention of the parties is as plainly and unambiguously expressed as it can be by any form of expression which our language affords. Under that policy the vessel was only justified in going to her port of discharge in Cuba, and thence to Europe, and her homeward voyage was to commence at her port of discharge. Where the parties express their intention in clear and unambiguous language, courts of justice are bound by what the parties have written, and all the authorities which sustain the conclusion of the court in the preceding case are alike applicable in the construction of the policy in the present case. Evidence of usage in such a case cannot be admitted, as the terms of the contract are incapable of any other meaning than that which is plainly expressed by the language which the parties have employed. Different views were entertained by the plaintiff, and he offered in this case the same depositions to prove the alleged usage, that the vessel in such a voyage might go to a second port to load, as were offered in the preceding case, and they were admitted de bene, subject to the same conditions. Suffice it to say, as was remarked in the other case, the witnesses proved that in all Cuba charters from Liverpool and back, the express stipulation in the charter party is that the charterers shall have the option of a second port of loading. They show the fact to be that vessels in that trade do ordinarily have leave to use two ports, but the evidence does not show that they have that privilege by force of any usage. On the contrary, every witness who says anything upon the subject, or nearly every one, states that the privilege of the second port is conferred by virtue of the express terms of the charter party. Contract is one thing, but usage or evidence of usage is another, and a very different thing. Usage will not make a contract, nor is the evidence of it admissible to incorporate into a contract any right or privilege to either not conceded or secured by its terms. If examined with care it will be seen that the evidence does not prove that there is any usage that a vessel under a policy whose terms are to port of discharge in Cuba, and at and thence to port of advice in Europe, may go to a second port in Cuba to load.

Nothing of the kind is shown by the depositions offered in evidence, and without proof to that effect it cannot be pretended that the plaintiff can recover in this case. Correspondence between the parties which took place antecedent to the execution of the policy, was offered in evidence to show that the voyage intended to be covered by the policy was such an one as the plaintiff assumes is now covered by its terms. Although such evidence is inadmissible to enlarge or diminish the terms of a written instrument, still the court has thought it proper to examine the letters produced. They are brief and explicit, and it is impossible to

read them without being satisfied that the parties at that time contemplated the insurance of a charter from Europe to Cuba and back to Europe. Such certainly was the proposal made by the plaintiff in his letter of the 2d of May, 1866, and the defendants by their letter to the plaintiff of the 8th of May following, agreed to "write upon the charter of the barque Maria Henry as proposed by you from Europe to Cuba, and back to Europe" at the rate therein named. Such was the plain language of the first two letters, and the defendants in the same letter added, "It is worth something, you know, to cover the risk at port of loading in Cuba," and to that letter the plaintiff on the 9th of that month replied, "I accept of your proposition in reference to the insurance of the charter of the barque Maria Henry. Please insure four thousand dollars, three and a half on the charter valued at sixteen thousand dollars at and from Liverpool to Cuba and to Europe via a market port for orders, where to discharge," and without further correspondence, so far as appears, the present policy was executed. Whether the policy in the suit before the court is drawn in accordance with the contract of insurance is not at this time a question for consideration as in a suit at law; it must be understood that all the preliminary negotiations were merged in the written instrument, and of course such correspondence cannot be received to vary the contract as evidenced by the policy, and must be laid out of the case. Tested by the terms of the policy as it now reads, it only authorized a voyage to port of discharge in Cuba, and at and thence to port of advice, and under that contract the vessel was not justified in going to other ports in Cuba, as she might probably have done, if the policy had covered a voyage from Liverpool to Cuba and at and thence to port of advice. Judgment for the defendants.

[See Cases Nos. 6,300–6,302.]